**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN DOE, | DOCKET NUMBER |
| Appellant, | DC-1221-14-1070-W-2 |
| | DC-0432-14-0064-I-4 |
| v. | |
| SECURITIES AND EXCHANGE | |
| COMMISSION, | DATE: March 9, 2016 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Peter B. Broida, Esquire, Arlington, Virginia, for the appellant.

Daniel L. Garry, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER

¶1      These appeals are before the Board based on the administrative judge's October 16, 2015 order certifying an interlocutory appeal of her ruling that the appellant had not demonstrated a due process violation.  MSPB Docket No. DC-1221-14-1070-W-2, Appeal File (W-2 AF), Tab 38.  For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

discussed below, we DISMISS the interlocutory appeal and RETURN the appeals to the administrative judge for further adjudication.

¶2　　The appellant filed an appeal of the agency's action separating her from Federal employment based on two charges of misconduct brought under chapter 75 and unacceptable performance brought under chapter 43.　MSPB Docket No. DC-0432-14-0064-I-1, Initial Appeal File (I-1 IAF), Tab 1.　The appellant also filed an individual right of action (IRA) appeal asserting reprisal for whistleblowing.　MSPB Docket No. DC-1221-14-1070-W-1, Initial Appeal File (W-1 IAF), Tab 1.　The administrative judge joined the appeals for adjudication in a September 19, 2014 order.　W-1 IAF, Tab 3.

¶3　　The appellant argued below that the agency violated her due process rights when the agency deciding official considered matters not set forth in the proposal notice and that, therefore, the removal action should be summarily reversed. W-2 AF, Tab 15.　The agency contested the appellant's arguments.　W-2 AF, Tabs 16, 20.　In an August 20, 2015 procedural order, the administrative judge found that additional proceedings were necessary to determine whether a due process violation occurred regarding the chapter 75 action and that the due process arguments were not applicable to the chapter 43 action.　W-2 AF, Tab 31 at 6-9.

¶4　　The appellant moved that the administrative judge certify her two rulings as an interlocutory appeal, and the agency opposed that motion.　W-2 AF, Tabs 34-36. The administrative judge granted the appellant's request in an October 16, 2015 order.　W-2 AF, Tab 38.　We agree with the administrative judge's description of the issues presented by her certification as follows:　(1) Did a due process violation justifying summary reversal result when the agency referenced a potentially aggravating factor in the *Douglas* Factors Review Form that was not contained in the proposal notice or is additional evidence required to determine what, if any, weight the deciding official placed on the issues raised in the worksheet?; (2)　If a due process violation is ultimately found in regard to the

*Douglas* factors in the chapter 75 action, is it applicable to the chapter 43 action because of the reference to both actions on the *Douglas* Factors Review Form? *Id*. at 6.

¶5        The Board's regulation provides that an administrative judge will certify a ruling for interlocutory review if "[t]he ruling involves an important question of law or policy about which there is substantial ground for difference of opinion," and "[a]n immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public."  5 C.F.R. § 1201.92.

¶6        After careful consideration, we find that an immediate ruling will not materially advance the adjudication of these appeals, and thus we dismiss the interlocutory appeal and return this matter to the administrative judge for further adjudication.[2]

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[2] The administrative judge's order certifying the interlocutory appeal did not stay the processing of the appeal; thus there is no need for the Board to vacate the stay order. *See* 5 C.F.R. § 1201.93(c) (stating that the administrative judge has the discretion to stay the processing of an appeal while an interlocutory appeal is pending).  The parties are reminded that, because the Board has not ruled on the substance of the issues presented by the administrative judge's certified ruling, they may raise the issues in a petition for review of the administrative judge's initial decision.